UNITED STATES of America,
Plaintiff–Appellee,

v.

Cesar GONZALEZ–QUINTANA,
Defendant–Appellant.

No. 04–50016.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 17, 2004.

Richard Cheng, San Diego, CA, for Plaintiff–Appellee.

Steven L. Barth, San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Because the parties are familiar with the facts of this case we recount only those necessary to our decision.

1. Cesar Gonzalez–Quintana ("Gonzalez") challenges the constitutionality of the stop in which he was found, arrested, and subsequently convicted by a jury for illegal reentry after deportation. *See* 8 U.S.C. § 1326. Courts must consider the totality of the circumstances in evaluating whether reasonable suspicion justified a stop under the Fourth Amendment. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Instead of utilizing "divide-and-conquer" analysis of each individual factor justifying reasonable suspicion, courts must consider them in conjunction, giving due deference to the observations of experienced law enforcement officers. *Id.* at 274–75, 122 S.Ct. 744. "Although an officer's reliance on a mere 'hunch' is insufficient to justify a stop, ... the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." *Arvizu*, 534 U.S. at 274, 122 S.Ct. 744 (internal citations omitted).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The stop in this case was justified by a number of factors that have been recognized as relevant to establishing reasonable suspicion. *See United States v. Brignoni–Ponce,* 422 U.S. 873, 884–85, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Agents observed a vehicle of the type often used for smuggling, in an area known to them as a frequent location for alien smuggling, riding as though it was carrying an unusually heavy load. Gonzalez's vehicle was traveling on a road running north from the border, which suggested to the agents that it was arriving from Mexico. It then turned onto a winding, two-lane road that ran parallel to an interstate freeway that contained a fixed immigration checkpoint, which suggested to the agents that the occupants were taking an old highway instead of the interstate freeway in order to avoid that checkpoint. In such a situation, agents could reasonably suspect that they were witnessing alien smuggling. Although each of the factors justifying this stop may individually have been susceptible to an innocent explanation, when considered together they form a particularized and objective basis for the stop. *See Arvizu,* 534 U.S. at 277, 122 S.Ct. 744 ("A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct."). The district court properly denied the motion to suppress the fruits of the stop.

2. Gonzalez's arguments that his indictment should have been dismissed because he did not have counsel at his prior deportation hearing and because *mens rea* was not specifically alleged in the indictment are controlled by this court's decision in *United States v. Rivera–Sillas,* 376 F.3d 887 (9th Cir.2004), and are accordingly rejected.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

3. Gonzalez also challenges the admission and use of certain deportation documents to establish his alienage. The government presented to the jury Gonzalez's admissions that he is a citizen of Mexico to prove his alienage. These statements were enough to demonstrate Gonzalez's alien status without need for the deportation documents. Consequently, Gonzalez has not demonstrated a due process violation and we need not reach the issue of whether admitting deportation documents as proof of alienage raises confrontation clause problems under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

AFFIRMED.